# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHARLES TOOMER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV412-057 |
| SAVANNAH ROSE OF SHARON, LLC, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Charles Toomer filed this employment-discrimination case against Savannah Rose of Sharon, LLC (Savannah Rose), a low-cost housing provider. Doc. 1 at 1. He also moves for leave to file his case *in forma pauperis* (IFP) and for appointment of counsel. Doc. 2. He attests that he is has no assets and lives on $8974/year in social security disability payments. *Id.* at 2. The Court **GRANTS** his IFP motion (doc. 2) but **DENIES** his "counsel" motion[1] and, in screening his case under 28 U.S.C. § 1915(e)(2)(B),[2]

---

[1] Toomer unsuccessfully shopped his case to at least three lawyers. Doc. 2 at 4-5. Appointing counsel here means pressuring a lawyer to work for free. *See Williams v. Grant*, 639 F. Supp. 2d 1377, 1381 (S.D. Ga. 2009) (noting the "professional

concludes that his case must be dismissed.

## I. BACKGROUND

Toomer says he applied for a vacant "Office Clerk" position with his landlord -- "Mercy Housing" (the Court will presume that is an a/k/a for Savannah Rose, as an online search shows that both share the same street address) -- but the position was given to a "less qualified younger White female." Doc. 1 at 7. He is black and Muslim. Doc. 3 at 1. In his attached EEOC charge he also reveals that Savannah Rose terminated his apartment lease with it and, after its Office Clerk (Megan Arledge) filed a harassment charge against him in Magistrate's Court, also terminated his "housing assistance." *Id.* Karen M. Witter, Mercy Housing's Property Manager, cited (and these are Toomer's words):

> numerous complaints from resident[s] and my continuous[s] disruption of the livability of the [housing] project. No reasons were given for Ms. Arledge filing a harassment complaint against me

---

compulsion" lurking behind a judge's 28 U.S.C. § 1915(e)(1) request). The Court will not exert such pressure in this (as explained below) dead-on-arrival case.

2 If a plaintiff proceeds "*in forma pauperis*, a district court is required to *sua sponte* determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Alba v. Montford*, 517 F.3d 1249, 1251-52, n. 3 (11th Cir.), *cert. denied*, 129 S. Ct. 632 (2008)." *Walker v. Sun Trust Bank Of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010).

> in Magistrate Court. Bonny Taylor, Hearing Officer, informed me that my housing assistance [was] terminated because I was in violation of family obligations, which included not paying the full security deposit and rent, and repeated lease violation resulting in an eviction notice.

*Id.*

Toomer's complaint references his affidavit as the basis for his lawsuit here. Doc. 1 at 3 (citing doc. 3). He also has attached a letter from Witter, and it contains assertions about his misconduct toward others at the housing complex and thus his lease termination. *Id.* at 9. Another letter that he has furnished -- from the Housing Authority of Savannah -- affirms the "Witter" findings in terminating his housing assistance. *Id.* at 10.

All such charges, Toomer insists, are "a lie schemed up by Karen Witter and her girlfriend 'Megan Arledge' [that] she hired." Doc. 3 at 1. And "[t]he Rose of Sharon filed eviction against me from not paying my rent although they had refused my rent." *Id.* He filed his EEOC charge on November 21, 2011, doc. 1 at 7, but now claims "I had been evicted for filing discrimination charges with the EEO[C]...."[3] Doc. 3 at 2.

---

3 This is not true. His own filings show that he was evicted months before he filed his EEOC charge. Doc. 1 at 6 (Nov. 7, 2011 EEOC charge); *id.* at 9-10 (June, 2011 lease and housing-assistance termination letters). Hence, any retaliation claim he might try

3

## II. ANALYSIS

"Title VII makes it unlawful for an employer to 'fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color....' 42 U.S.C. § 2000e–2(a)(1).[4]  The plaintiff bears the burden of proving that the employer discriminated against him unlawfully. *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000)." *Maddox-Jones v. Board of Regents of University System of Georgia*, 448 F. App'x 17, 19 (11th Cir. 2011).  He satisfies this burden by pleading that: (1) he was a member of a protected class who (2) applied for and was qualified for an available position but (3) was rejected and (4) the defendant filled the position with a similar or less qualified person from outside of his protected class. *Beal v. CSX Corp.*, 308 F. App'x 324, 326

---

to muster fails outright for want of causation.  *See McCray v. Wal-Mart Stores, Inc.*, 377 F. App'x 921, 924 (11th Cir. 2010); *McCaslin v. Birmingham Museum of Art*, 384 F. App'x 871, 874 (11th Cir. 2010).

4  In order to be subject to liability pursuant to Title VII, an "employer" must have at least fifteen "employees" "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See* 42 U.S.C. § 2000e(b).  For the purposes of this ruling only, the Court will assume that defendant is an "employer."

4

(11th Cir. 2009); *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010).

Special pleading standards apply here. "Complaints by *pro se* plaintiffs, such as Plaintiff here, are read more liberally than those drafted by attorneys. *Osahar v. United States Post Office*, 297 Fed.Appx 863, 864 (11th Cir. 2008). But a *pro se* litigant is not relieved of his obligation to allege sufficient facts to support a cognizable legal claim and the court may not rewrite a deficient pleading," *Rivero v. Taylor*, 2010 WL 3384913 at * 2 (S.D. Fla. Aug. 3, 2010), *aff'd*, 2012 WL 488737 (11th Cir. Feb. 15, 2012), or "serve as de facto counsel for a party . . . ." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (cites omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Furthermore, and in contrast to past pleading practice in employment discrimination cases, a plaintiff like Toomer must now plead more than threadbare factual recitals, legal conclusions, or the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Sablan v. A.B. Won Pat Int'l Airport Auth.*, 2010 WL 5148202 at * 3-4 (D. Guam Dec. 9, 2010).

5

Toomer thus must allege sufficient facts that, if accepted as true, state a claim to relief that is plausible on its *face*. He therefore must plead enough here to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949, which here means violating Title VII. Determining whether his complaint is "facially plausible" is "a context-specific task" that requires this Court to draw on its judicial experience and common sense. *Id.* at 1950. So where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, then the complaint has alleged -- but not shown -- that the pleader is entitled to relief. *Id., see Bacon v. Georgia Ports Auth.*, 2010 WL 5538515 * 1 (S.D. Ga. Dec. 17, 2010)(applying *Iqbal* in dismissing employment discrimination case at the pleading stage).

"These [*Twombly/Iqbal*-based] general pleading standards are equally applicable to employment discrimination cases." *Adams v. Lafayette College*, 2009 WL 2777312 at *3 (E.D. Pa. Aug. 31, 2009) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3rd Cir. 2009)). Thus, the Court accepts as true Toomer's factual allegations but not his legal

conclusions. *Iqbal*, 129 S.Ct. at 1950. It then must determine if his alleged facts are sufficient to state a plausible claim for relief. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1949-50.

Toomer's complaint alleges only his conclusion that he was qualified for the job and that the job's white recipient was "less qualified." He has failed to state what the job's requirements were, how he met them, and how the job's white recipient was (a) similarly situated; yet (b) met or fell beneath his qualification level.[5] *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1274-75 (11th Cir. 2002) (requiring plaintiff show that "she applied for and was qualified for an available position" to establish adverse employment action in failure-to-hire context).

---

5   "'When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race.' *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1273 (11th Cir. 2004)." *McCray*, 377 F. App'x at 924; *see also Darbouze v. Toumpas*, 2011 WL 6300702, *11 (D.N.H. Dec. 16, 2011) ("fourth element of the prima facie case has a comparative component that requires an examination of his qualifications vis-à-vis those of the successful applicants, or those of the applicants defendants continued to seek").

7

His case therefore is dead on arrival. *Cf. Williams v. Temple University Hosp., Dist. Council 1199C*, 400 F. App'x 650, 652 (11th Cir. Nov. 12, 2010) (employment disability discrimination case dismissed for failing to plead material element of claim, as it did not plausibly identify an impairment, allege a limitation, or otherwise indicate how plaintiff might be substantially limited in a major life activity, but merely stated that she was injured at work and was later "sent back to work" on "full duty status."); *Parker v. Smyrna Police Dep,t*, 2010 WL 4540286 at * 2 (N.D. Ga. Oct. 29, 2010) (applying *Iqbal* in sua sponte dismissing civil rights complaint based on equal protection claim, where plaintiff failed to allege any fact suggesting that he was treated differently based on a constitutionally protected interest such as race, nor has he alleged facts sufficient to move a possible class-of-one equal protection claim across the line from conceivable to plausible) (quotes and cites omitted). The same analysis would obtain if Toomer alleged religious discrimination (he mentioned he is a Muslim) or age discrimination (he says he is "older" than the woman who was hired). And his pleadings reveal no cause to believe that *sua sponte* granting him leave to file an amended complaint

will revive this case.

## III. CONCLUSION

Accordingly, the Court **GRANTS** plaintiff Charles Toomer's IFP motion, doc. 2, but denies his motion for appointment of counsel, doc. 2 at 2, and advises that his case be **DISMISSED**

**SO REPORTED AND RECOMMENDED** this 20Th day of March, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**